

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mrs. Kavita Choksi,            )
                               )
            Plaintiff,         )
                               )
    v.                         )    06 C 2568
                               )
Township High School           )
District 211,                  )
                               )
            Defendant.         )

## MEMORANDUM ORDER

Kavita Choksi ("Choksi") has submitted a proposed Complaint of Employment Discrimination, using the form provided by this District Court's Clerk's Office for plaintiffs acting pro se, and filling in the requested information in handwritten form. Choksi has also accompanied her Complaint with two other forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

To begin with, the Application is unclear in a number of respects. For example, if Choksi's husband is receiving unemployment compensation, as the answer to question 2.b seems to say, the amount is not indicated there, nor is any information provided about the anticipated further duration of the benefits. Next, in response to question 3.a Choksi says that some salary or wages were received by some family member during the preceding 12 months, but the amount and the person receiving it are not

listed. Finally, an $1800 amount is shown as having been received by IDES in response to question 3.d, and this Court confesses ignorance as to what that represents.

What is most important on the subject of in forma pauperis status, though, is Choksi's acknowledgment that she and her husband own their residence with a current value of $310,000. That would clearly appear to disqualify Choksi for in forma pauperis treatment, which is accordingly denied, at least at this time.

If however any further information is available that might change this ruling, Choksi is free to submit it on or before May 26, 2006. If Choksi does so, or if she pays the $350 filing fee on or before the same date, the Complaint will be considered to have been filed on May 8 (to avoid any claim of noncompliance with the statutory requirement that suit must be filed within 90 days after Choksi's receipt of EEOC's right-to-sue letter).

As for the Motion, the same matters call for its denial. But in that respect Choksi should also understand that if some later submission were to qualify her for the appointment of counsel, there is no assurance that the appointed lawyer will be any more familiar with work in the employment area than the lawyers to whom she has spoken as reflected in paragraph 2 of the Motion (appointments of pro bono counsel are made at random from this District Court's trial bar list, without any prescreening as

to counsel's experience or lack of experience in the particular area of representation involved).

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Milton I. Shadur
Senior United States District Judge

May 10, 2006

C:\WPTEXT\Choksi.wpd

3